UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JESUS ALEJANDRO POMPA GONZALEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-04305-PD

**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION TO DISMISS [DKT. NO. 8]**

**A# 240-498-394**

On July 31, 2026, Jesus Alejandro Pompa Gonzalez ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking release or a bond hearing. Dkt. No. 1. At the time of filing this Petition, Petitioner was in removal proceedings. Petition at 7. The Petition raises the following claims: (1) Petitioner's detention is governed by § 1226(a), not § 1225(b)(2)(A); (2) mandatory detention under § 1225(b)(2)(A) violates due process; and (3) the 2025 Department of Homeland Security ("DHS") Policy and *In Matter of Yajure Hurtado* decision violate the Administrative Procedure Act.

Respondents filed an answer outlining Petitioner's criminal history and stating that he appeared to be entitled to request and receive an initial bond

hearing under 8 U.S.C. 1226(a) pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Dkt. No. 7. Petitioner did not file a reply.

On August 23, 2026, Petitioner filed a motion to dismiss the Petition as moot. Dkt. No. 8 at 2. Petitioner asserts that on August 20, 2026, an Immigration Judge ordered him removed to Mexico. *Id.* Petitioner elected removal and expressly waived the appeal, rendering the removal order administratively final on August 20, 2026. *See* 8 C.F.R. § 1003.39. Petitioner contends he is now subject to the 90-day mandatory detention period under 8 U.S.C. § 1231(a)(2). Accordingly, he asserts that because the Court can no longer order the requested § 1226(a) bond hearing, the Petition should be dismissed as moot.[1]

As of the date of this Order, Respondents have not filed an opposition to the motion to dismiss. On September 8, 2026, Respondents filed a Notice of Intended Removal stating that they "intend[] to shortly transfer and remove Petitioner in accordance with the final removal order to Mexico." Dkt. No. 9 at 2. Petitioner will be transferred on September 11, 2026. Dkt. No. 9-1 at 2. This account confirms Petitioner's assertions in the motion to dismiss; the Court concludes that Respondents do not oppose the motion. Accordingly, Petitioner's unopposed motion to dismiss, Dkt. No. 8, is granted.

IT IS SO ORDERED.

DATED: September 11, 2026

*Patricia Donahue*

Patricia Donahue
United States Magistrate Judge

---

[1] The Court notes that the caption on Petitioner's motion to dismiss reflects a different petitioner but contains this case number.